UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EMERY C. CONNER,

        Plaintiff,

        v.

MICHAEL J. ASTRUE,
COMMISSIONER, Social Security
Administration,

        Defendant.

Civil No. 07-6073-PK

OPINION AND ORDER

HAGGERTY, Chief Judge:

        Magistrate Judge Papak issued a Findings and Recommendation [12] in this action that recommended that the Commissioner's final decision should be affirmed and that this case should be dismissed with prejudice. To the extent that plaintiff asserts no specific objections to certain conclusions presented in the Findings and Recommendation, and in the absence of any objections from defendant, the court need only satisfy itself that there is no clear error on the face of the record in order to accept those conclusions of the Magistrate Judge. *Campbell v. United States District Court*, 501 F.2d 196 (9th Cir. 1974).

1 - OPINION AND ORDER

No clear error appears on the face of the record regarding the conclusions to which no objections have been asserted. Accordingly, the Findings and Recommendation's unchallenged analysis and conclusions regarding the decisions by the Administrative Law Judge (ALJ) are adopted.

However, plaintiff objects to the Findings and Recommendation's conclusion that the Commissioner's decision to deny plaintiff's disability application should be affirmed. When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The objection was filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. Defendant elected to file no responsive briefing to plaintiff's objections. For the following reasons, plaintiff's objections are overruled.

## ANALYSIS

Magistrate Judge Papak provided a thorough analysis of the facts and circumstances in this action, and this need not be repeated here. Plaintiff advances four specific objections. These challenge the Findings and Recommendation's conclusions that (1) plaintiff's credibility should be viewed as diminished; (2) the ALJ's evaluation of plaintiff's medical opinions was proper; (3) the ALJ's evaluation of the testimony of plaintiff's spouse was proper; and (4) the

ALJ's assessment of plaintiff's residual functional capacity (RFC) was proper.[1]  These specific arguments are addressed in turn.

### 1.    Plaintiff's credibility

The Findings and Recommendation reviewed the ALJ's basis for concluding plaintiff was not entirely credible.  Findings and Recommendation at 7-10.  This basis included observations that impairments that plaintiff complained about were treatable and objectively reported as stable, *id*. at 7 (citing Tr. 154, 175, 183); plaintiff's work history was inconsistent with plaintiff's claimed limitations, *id*. at 7-8 (citing Tr. 19, 89, 197, 356-57); plaintiff's descriptions of his drug use and daily activities were inconsistent, *id*. at 8 (citing Tr. 18-19, 153-54, 197, 199, 206, 219, 280-319, 327, 363-64).

Plaintiff objects that the ALJ relied erroneously upon past work experience that predated his alleged onset of disability in 2003.  Objections at 2.  This is neither persuasive nor accurate.  It was not improper for the ALJ to consider the record in its entirety – including plaintiff's experiences prior to his alleged onset date – in evaluating his credibility.  Moreover, in the credibility analysis the ALJ also referred to work experiences that plaintiff undertook after his alleged onset date.  Tr. 19, 356-57).  Plaintiff's characterization of the ALJ's analysis as "speculation" is specious.

Plaintiff also asserts that the ALJ erred in considering his daily activities when evaluating his credibility.  The ALJ was permitted to consider daily living activities in the credibility

---

[1]    Plaintiff's additional "summary" that advances a further "objection" that all of plaintiff's initial arguments should now be revisited also has been considered.  This litigation's record has been reviewed.  This court concurs with counsel insofar as none of plaintiff's other arguments – which counsel deemed unnecessary to articulate in writing – merit further analysis here.  A *de novo* review of those arguments fails to compel a reward of benefits.

3 - OPINION AND ORDER

analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). If a claimant engages in daily activities that involve skills that are transferrable to the workplace, an ALJ may discredit the claimant's allegations upon making specific findings relating to those activities. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989); *see also Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir. 1999) (activities such as preparing meals, doing laundry, working in the yard, and occasionally providing childcare was evidence of claimant's ability to work). Plaintiff's unfounded objection implying that the ALJ erred by applying a standard that asked "whether Plaintiff's activities document a vegetive [sic] state" is overruled. Objections at 3.

> 2. **Medical opinions**

As the Findings and Recommendation noted, the ALJ accepted the opinions of Drs. Sweet and Cochran regarding plaintiff's medically determinable impairments, and their observations of the symptoms he exhibited during their examinations. Findings and Recommendation at 11. Plaintiff objects that the ALJ gave less weight to their opinions regarding the intensity of plaintiff's alleged symptoms. The Findings and Recommendation reasoned correctly that the ALJ was permitted to give less weight to medical opinions that were based upon subjective statements made by a claimant with diminished credibility, and to give greater weight to opinions from another doctor who reviewed additional – or more comprehensive – medical evidence. Findings and Recommendation at 11.

Counsel's attempt to quibble about the Findings and Recommendation's characterization that Dr. Rethinger "is the only medical source to review the entire record" is unpersuasive. Plaintiff points to medical evidence that was generated after May 10, 2005, the date of Dr. Rethinger's reports, as a challenge to whether he reviewed "the *entire* record" as summarized by

the Findings and Recommendation. It appears true that Dr. Cochran was asked by plaintiff's counsel to perform a psychological evaluation of plaintiff on February 8, 2006, after Dr. Rethinger's report.

However, the ALJ interpreted Dr. Cochran's findings to be similar to those of Dr. Rethinger. The ALJ correctly accepted the differing views of Dr. Rethinger regarding plaintiff's somatoform disorder and the severity of plaintiff's symptoms on grounds that Dr. Rethinger had reviewed plaintiff's medical record and Dr. Cochran had not, and Dr. Cochran was unaware than plaintiff had been working until he was terminated for drug use. Tr. 20, 325-47. Plaintiff's attempt to discredit the ALJ's analysis on the basis of the Findings and Recommendation's use of the phrase "entire record" fails to overcome the reality that Dr. Rethinger's opinions were properly relied upon because they were founded upon a much more comprehensive examination of the record than were the opinions of either Dr. Sweet or Dr. Cochran.

Plaintiff's related arguments that the ALJ "made up findings" and erred in addressing the Global Assessment of Functioning (GAF) of plaintiff performed by Dr. Sweet are rejected. This court's *de novo* review of the record compels the conclusion that the ALJ considered the medical evidence and drew a permissible connection between fluctuations in plaintiff's drug abuse status and fluctuations in Dr. Sweet's GAF score, and properly concluded that Dr. Sweet's GAF score was not dispositive because it includes evaluation of factors that are not relevant to plaintiff's medically determinable impairments. Tr. 20. Plaintiff's allegations that the ALJ arrived upon "fictional findings" are rejected. The ALJ's consideration of plaintiff's subjective reporting in evaluating and contrasting the medical opinions presented was part of the specific and legitimate reasons – supported by substantial evidence in the record – that established a proper basis for

rejecting the controverted disability aspects of the opinions expressed by Dr. Sweet and Dr. Cochran. *See Morgan v. Commissioner*, 169 F.3d 595, 602 (9th Cir. 1999)*; see also Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995).

### 3.     Lay testimony

The Findings and Recommendation determined that the ALJ properly discredited testimony solicited from plaintiff's spouse regarding how plaintiff's behaviors limited plaintiff's ability to perform basic work because the spouse was not sufficiently knowledgeable in medical and vocational fields to render a qualified opinion. Tr. 19. The ALJ also cited to inconsistencies between her testimony and plaintiff's testimony, and noted possible motives (secondary gain) for exaggeration by the spouse. Tr. 329- 30.

Plaintiff objects, arguing that lay testimony should not be discredited for failing to amount to an expert opinion, or because of inconsistencies with testimony from a claimant whose credibility is challenged, or simply because of the possibility of exaggeration motivated by secondary gain. Objections at 7-8.

In determining a claimant's possible disability, an ALJ must consider lay witness testimony when it is presented. 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e); *see also Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Lay testimony as to a claimant's symptoms or as to how an impairment affects a person is considered competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).

To discount the testimony of lay witnesses, an ALJ must give reasons that are germane to each witness. *Stout*, 454 F.3d at 1053; *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)

(lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so" (citations omitted)).  When an ALJ errs by failing to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1053.  In this case, the ALJ evaluated the spousal testimony adequately, accepting her observations but declining to adopt her conclusions as to how those observations should be determinative on the question of whether claimant could perform basic work.  Tr. 19.  The testimony was considered, and the ALJ did not disregard the testimony but instead provided reasons for the weight given to the testimony were germane and specific to the witness.  These reasons are reasonable and supported by the record.

    4.    RFC assessment

Finally, plaintiff objects to the ALJ's analysis at step five of the five-step sequential evaluation process for determining if a person is eligible for benefits because of disability.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

As counsel and the Magistrate Judge are certainly aware, if the claimant is unable to perform work that he or she has performed in the past, the ALJ is required to proceed to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.   In step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the

claimant can perform given his or her RFC, age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

Plaintiff contends that the ALJ erred by omitting Dr. Rethinger's full assessment of plaintiff. The Findings and Recommendation listed that assessment and then compared it to the ALJ's assessment. *See* Findings and Recommendation at 17. This analysis need not be repeated here. The Findings and Recommendation concluded correctly that "[a] reasonable reading of the RFC clearly describes [plaintiff's] functional limitations assessed by Dr. Rethinger." Findings and Recommendation at 17 (citing Tr. 260). Plaintiff's continuing objection to this analysis has been considered and is rejected.

## CONCLUSION

Plaintiff's Objections [13] have been considered fully and this court has made a *de novo* determination of the challenged portion of the Magistrate Judge's Findings and Recommendation. The Findings and Recommendation [12] is adopted, and plaintiff's objections are overruled. The Commissioner's decision that plaintiff Emory Conner is not entitled to benefits under Titles II and XVI of the Social Security Act is affirmed.

IT IS SO ORDERED.

Dated this  11  day of July, 2008.

                                                                          /s/ Ancer L. Haggerty
                                                                            Ancer L. Haggerty
                                                       United States District Judge